NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN TORSTEN LOOP, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> STATE OF WASHINGTON; JAMS MEDIATION ARBITRATION AND ADR SERVICES; HELEN L. HALPERT, Honorable (Retired), JAMS Arbitrator; BOB FERGUSON, Washington State Attorney General, <br><br> Defendants - Appellees. | No. 24-5020 <br><br> D.C. No. 2:24-cv-00669-KKE <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Kymberly K. Evanson, District Judge, Presiding

Submitted March 16, 2026**

Before:     SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

John Torsten Loop appeals pro se from the district court's judgment

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing Loop's action alleging constitutional claims arising from state court proceedings confirming an arbitration order. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed Loop's action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because Loop's claims are a "de facto appeal" of a prior state court judgment or are "inextricably intertwined" with that judgment. *See id.* at 1163 (explaining that an action "is a forbidden de facto appeal under *Rooker–Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court"); *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that claims are "inextricably intertwined" with state court decisions where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**